**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARAKANA DIVISION**

**DENISE MITTS**                                                              **PLAINTIFF**

**VS.**                           **NO. _____**

**YOALMO HERNANDEZ;**                                          **DEFENDANTS**
**LIGHTNING LOGISTICS,**
**LLC; JOHN DOE**
**ENTITIES 1-5; and JOHN**
**DOE**

## COMPLAINT

COMES NOW the Plaintiff, Denise Mitts, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

## I. RESIDENCY & PARTIES

1.    Plaintiff Denise Mitts (hereinafter "Plaintiff") was at all times relevant a citizen and resident of Shreveport, Caddo Parish, Louisiana.

2.    Upon information and belief, Defendant Yoalmo Hernandez (hereinafter "Defendant Hernandez") was at all times relevant a resident of Houston, Harris County, Texas.

3.    Upon information and belief, Defendant Lightning Logistics, LLC, (hereinafter "Defendant Lightning") was at all times relevant a Foreign Limited Liability Company that was doing business in the State of Arkansas, with its registered agent for service being Brody Chapman, 10622 Hirsch Rd, Houston, Texas 77016. Defendant Lightning is a large-scale trucking and freight transportation company.  Pursuant to information obtained from the Federal Motor Carrier Safety Administration, Defendant  Lightning filed a form BOC-3 as a Blanket Company SKB  Trucking Permits & Logistics, Inc. and as such, they can be served in Arkansas through Thomas Harper,

3811 Rodgers Avenue, Suite A, Fort Smith, Arkansas 72902. Defendant Lightning operated pursuant to USDOT Number 1895895 and Motor Carrier Number 00681898.

4.     The residency of Defendants John Doe Entities 1-5 remains unknown. John Doe Entities 1-5 will be substituted for the Entities whose negligence contributed to the injuries sustained by Plaintiff. John Doe Entities 1-5 employed, managed, supervised, entrusted, maintained, and/or were otherwise responsible for ensuring the safe operation of the tractor trailer at fault and/or the supervision of Defendant Hernandez.

5.     The residency of Defendant John Doe Individual remains unknown. John Doe Driver will be substituted for the individual whose negligence contributed to the injuries sustained by Plaintiff. Defendant John Doe Individual either owned, operated, entrusted, maintained, supervised, or was otherwise responsible to ensure the safe operation of the at fault tractor trailer.

6.     Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125, and it is attached hereto as Exhibit 1.

7.      The incident giving rise to this cause of action occurred on Interstate 30, in rural Miller County, Arkansas.

## II. JURISDICTION AND VENUE

8.     The United States District Court for the Western District of Arkansas has jurisdiction of this cause of action pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds the amount required for federal jurisdiction in diversity of citizenship causes of action.

9.     Venue for this cause of action is governed by 28 U.S.C. §1391. Venue lies in the Western District of Arkansas; Texarkana Division as the collision causing the injuries in this matter occurred in Miller County, Arkansas.

### III.  BASIC PREMISE

10.     This is a negligence case, which arises from a motor vehicle collision that occurred on October 28, 2016, on Interstate 30, in Rural Miller County, Arkansas.

### IV.  FACTS

11.     On or about October 28, 2016, at approximately 4:43 a.m., Plaintiff Denise Mitts was heading westbound on Interstate 30 in a 2007 Mercury Mountaineer being driven by her husband.

12.     At the same time, Defendant Hernandez was driving a 2008 Kenworth Tractor Trailer directly behind Plaintiff heading westbound on Interstate 30. Defendant Hernandez was operating the 2008 Kenworth Tractor Trailer under the authority of Defendant Lightning's USDOT Number 1895894 and Motor Carrier Number 00681898. The 2008 Kenworth Tractor Trailer that Defendant Hernandez was operating weighed over 26,000 lbs. and was used as a large-scale transportation vehicle with an intermodal container chassis.

13.     Both Plaintiff and Defendant were traveling westbound on Interstate 30 in the middle lane when the vehicle directly in front of Plaintiff abruptly and without warning braked rapidly to avoid running over an object in the road.

14.     Because there was traffic in front of and behind Mr. Mitts, he applied his brakes and turned left towards the median to allow more stopping room for all traffic.

15.     Mr. Mitts was then forced to brake and turn left into the median to avoid a collision with the vehicle directly in front of them.

16.     As the Mitts' Mercury Mountaineer entered the median, the front driver side of Defendant Hernandez's vehicle collided with the rear passenger side of their Mountaineer.

17.     After the collision, Plaintiff's vehicle came to rest in the median facing westbound.

18.     Upon information and belief, Defendant Hernandez was an employee and/or agent of Defendant Lightning.

19.     Upon information and belief, Defendant Hernandez and was acting in the course and scope of his employment and/or agency with Defendant Lightning at the time of the collision.

20.     Defendant Hernandez failed to keep a proper lookout.

21.     Defendant Hernandez knew or should have known that his inattentiveness and blatant disregard for the safety of others, while receiving pay as a professional driver of a tractor trailer, would likely result in severe injuries to others from which malice can be inferred.

22.     As a result of the collision, Plaintiff sustained personal injuries and damages.

## V.  CAUSE OF ACTION ONE - NEGLIGENCE OF DEFENDANT HERNANDEZ

23.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24.     Defendant Hernandez was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. §27-51-201(a)(1);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)     Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. §27-51-305(a);

(f)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g)    Failing to keep his vehicle under control, in violation of the common law of Arkansas; and

(h)    Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas; and,

(i)    Otherwise failing to exercise ordinary care under the circumstances.

## VI.   CAUSE OF ACTION NO. TWO - VICARIOUS LIABILITY OF DEFENDANT LIGHTNING LOGISTICS

25.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

26.    Defendant Lightning is responsible and vicariously liable for the negligence of its employee/agent, Defendant Hernandez, under the legal doctrines of joint enterprise, *respondeat superior*, and/or the principles of agency as adopted in the State of Arkansas and Federal Courts.

27.    At the time of the collision, Defendant Hernandez was acting in the course and scope of his employment or agency with Defendant Lightning.

28.    The negligent acts and omissions of Defendant Hernandez are imputed to Defendant Lightning Logistics as a matter of law and pursuant to the vicarious liability laws in the State of Arkansas.

## VII. CAUSE OF ACTION NO. THREE- NEGLIGENT HIRING OR SUPERVISION OF DEFENDANT LIGHTNING LOGISTICS

29.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30.     Upon information and belief, Defendant Lightning, negligently hired or supervised Defendant Hernandez, and failed to properly train and/or supervise Defendant Hernandez on the risks and dangers of avoiding other vehicles.

31.     Upon information and belief, Defendant Lightning, negligently hired or supervised Defendant Hernandez, and failed to properly train and/or supervise Defendant Hernandez on the risks and dangers of not maintaining a proper lookout when driving.

32.     Upon information and belief, Defendant Lightning, negligently hired or supervised Defendant Hernandez, and failed to properly train and/or supervise Defendant Hernandez on the risks and dangers of driving in a manner that is inattentive and such inattention that is not reasonable and prudent in maintaining vehicular control.

33.     Upon information and belief, Defendant Lightning knew or in the exercise of reasonable care should have known that Defendant Hernandez presented a risk of danger to other drivers and the public in general.

## VIII.  PROXIMATE CAUSATION

34.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

35.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX.  INJURIES AND COMPENSATORY DAMAGES

36.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

37.     Plaintiff sustained personal injuries as a result of the collision.

38.     Plaintiff is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of her injuries;

(b)     the full extent of the injuries she sustained;

(c)     the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     any value of any earnings, earning capacity, profits, or Defery lost in the past and that are reasonably certain to be lost in the future;

(f)     the visible results of her injuries; and

(g)     any property damages she sustained.

39.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XI.  DEMAND FOR JURY TRIAL

41.     Plaintiff hereby demands a trial by jury.

## XII.  DEMAND & PRAYER

42.     Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

43.     Plaintiff demands judgment against the Defendants for punitive damages, compensatory damages, pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____

Robert L. Beard (Ark. Bar No. 2002109)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:      (501) 868-2500
Telefax:          (501) 868-2508
Email:            beard@rainfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENISE MITTS                                                    PLAINTIFF

VS.                         NO. _____

YOALMO HERNANDEZ;                                              DEFENDANTS
LIGHTNING LOGISTICS,
LLC; JOHN DOE
ENTITIES 1-5; and JOHN
DOE

### A.C.A. §16-56-125 AFFIDAVIT

STATE OF ARKANSAS       )
                        )
COUNTY OF PULASKI       )

Comes now Robert L. Beard, being first duly sworn on oath states as follows:

1.      I represent the Plaintiff, Denise Mitts, in the above matter.

2.      Plaintiff, Denise Mitts, is seeking a judgment against unknown tortfeasors.

3.      The names of the unknown tortfeasors in this action will be designated by the

pseudo-names John Doe Entities 1-5 and John Doe, and will be named as such in the Plaintiff's

Complaint.

4.      Upon determining the identities of John Doe Entities 1-5 and John Doe, Plaintiff's

Complaint will be amended by substituting the real name for the pseudo-name.

5.      This affidavit is made pursuant to A.C.A. § 16-56-125.


Further Affiant saith not.

7/23/19
(Date)                                      Robert L. Beard

9

Subscribed and sworn before me on _7/23/2019_

_Audra E. William_
Notary Public

My commission expires: _2/11/2029_

Audra E. Williams
PULASKI COUNTY
NOTARY PUBLIC – ARKANSAS
My Commission Expires   February 11, 2029
Commission No. 12706734

10